FLEET WING CORPORATION, Respondent, *v.* OIL TRANSFER CORPORATION, Appellant.

Fourth Department, May 13, 1953.

*George J. Nier* for respondent.

*Frederick W. Bickmann, Jr., Gerald J. McKernan* and *James N. Allen* for appellant.

*Per Curiam.* We are satisfied that by the provisions of the contract of affreightment the plaintiff may maintain no action against the defendant for loss or damage to the cargo of gasoline. The plaintiff on the argument and in its brief recognizes that this is so and is seeking recovery for damage to the oil in the storage tank only. However, the contract of affreightment is of no force or effect by way of release of liability, notice of claim or time limitation for commencement of suit by reason of alleged negligence of the master or crew of the barge resulting in damage to property other than the subject of the affreightment contract, i.e., the cargo of gasoline. The fact that the plaintiff was the owner of the oil in the storage tank as well as the alleged owner of the gasoline cargo is of no moment. The limitation of liability clauses in the contract of affreightment were for the benefit of the barge operator, but only in relation to the cargo transported. It would hardly be argued that such clauses would be binding upon the owner of the oil in storage had such owner been one wholly unconnected with the transportation of the gasoline. The coincidental identity of the owner of the gasoline and the owner of the oil does not change the legal effect of the contract of affreightment. Since there is a question of fact as to the party responsible for pumping the gasoline from the barge into the tank of oil on shore, the Special Term was correct in denying the defendant's motion for summary judgment.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order affirmed, with $10 costs and disbursements.